UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRANCO FARIVAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-76-TAV-HBG |
| ) | |
| DENNIS LEDBETTER, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 42] of the District Judge.

Now before the Court are the following Motions:

1. Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment [Doc. 38];

2. Request for Court Ordered Mediation [Doc. 41];

3. Defendants' Motion for Extension of Time [Doc. 44];

4. Plaintiff's Motion to Compel [Doc. 45]; and

5. Plaintiff's Amended Motion to Compel [Doc. 48].

The Motions are now ripe for review. For the reasons explained below, the Motion to Stay [Doc. 38], the Request for Court Ordered Mediation [Doc. 41], the Plaintiff's Motion to Compel [Doc. 45], and the Plaintiff's Amended Motion to Compel [Doc. 48] are hereby **DENIED**, and the Defendants' Motion for Extension of Time [Doc. 44] is hereby **DENIED AS MOOT.**

## I. POSITIONS OF THE PARTIES

With respect to the Motion to Stay Discovery [Doc. 38], the Defendants assert that they have filed a partial summary judgment motion that can be decided on legal determinations. Specifically, the Defendants assert that the Plaintiff's claims against Morgan County Sheriff's Department, official capacity claims against Defendants Ledbetter, Lawson, and Hamby, state and federal claims against Defendant Ledbetter in his individual capacity, and state and federal claims against Morgan County, Tennessee, are barred by res judicata. The Defendants assert that in the event the Court determines that the doctrine of res judicata is inapplicable, their remaining arguments are likewise legal that can be determined without the need for further discovery. For instance, the Defendants argue that Morgan County Sheriff's Office is not a suable entity, the statute of limitations bars the Plaintiff's Tennessee Governmental Tort Liability Claims, the claims against the named Defendants in their official capacities are redundant, and that former Sheriff Ledbetter is immune as a matter of law. The Plaintiff did not specifically respond to this Motion, but he filed a Request for Court Ordered Mediation [Doc. 41] and a Motion to Compel [Doc. 45], which indicates his opposition to the Defendants' request.

In the Plaintiff's Request for Court Ordered Mediation [Doc. 41], he asserts that mediation has an "excellent chance of resolving the disputes between the parties" and that on more than one occasion, he has proposed mediation to counsel for the Defendants without a response. Along with his Request, the Plaintiff filed the Affidavit of Billy P. Sams, Plaintiff's former counsel, explaining why a non-suit was sought in the initial litigation. The Defendants filed a Response [Doc. 43] to the Request for Court Ordered Mediation, arguing that mediation would be a "waste of the parties' expense and time at this point." In addition, the Defendants

2

Case 3:14-cv-00076-TAV-HBG   Document 54   Filed 07/13/16   Page 2 of 6   PageID #: 212

request that the Court not consider the Affidavit of Billy P. Sams because it does not relate to the propriety of mediation in this matter.

With respect to the Defendants' Motion for Extension of Time [Doc. 44], the Defendants request that the Court extend the dispositive motion deadline because the Plaintiff's Motion to Amend the Complaint remains undecided. The Defendants argue that without a ruling on the Plaintiff's Motion to Amend, they are in a position in which new claims could be added to the Complaint and they would not be permitted to file dispositive motions on the new claims. The Plaintiff did not file a response to this Motion.

With respect to the Motion to Compel [Doc. 45], the Plaintiff argues that he served discovery requests on the Defendants on or about April 25, 2016. The Plaintiff asserts that he made clear that the Defendants should comply with the rules of discovery and provide full and honest responses to his requests. In addition, the Motion states, "Plaintiff certifies that his attempt to confer with Defendants' counsel was made in good faith." The Plaintiff attached a copy of the correspondence to defense counsel as an exhibit to his Motion.

The Defendants filed a Response [Doc. 46] to Plaintiff's Motion to Compel, arguing that they have filed a Motion for Partial Summary Judgment, which relies on legal arguments. In addition, the Defendants argue that they have also filed a Motion to Stay because further discovery is unnecessary for the Court to resolve the Defendants' Motion for Partial Summary Judgment.

Finally, in the Plaintiff's Amended Motion to Compel [Doc. 48], he seeks an order compelling the Defendants to attend depositions and answer discovery. The Defendants respond [Doc. 49] that they have indicated a willingness to participate in discovery once the Court rules on the pending motions.

## II. ANALYSIS

The Court has considered the parties' filings, and for the reasons explained below, the Court denies the Defendants' Motion to Stay Discovery [Doc. 38], Request for Court Ordered Mediation, [Doc. 41], the Motion to Compel [Doc. 45], the Amended Motion to Compel [Doc. 48], and denies as moot the Defendants' Motion for Extension [Doc. 44].

As mentioned above, with respect to the Motion to Stay Discovery [Doc. 38], the Defendants request that the Court stay all discovery pending the resolution of their partial summary judgment motion. The Defendants argue that their partial motion for summary judgment is based on legal arguments, such as res judicata. However, the Defendants do not explain why a stay of *all* discovery is necessary in this case. It is unclear what specific discovery is outstanding and whether such discovery relates to any of the claims that are not subject to the Defendants' Motion for Partial Summary Judgment. Moreover, the Court notes that the trial in this matter is scheduled for October 24, 2016, and a stay of all discovery could potentially affect the trial date. Accordingly, the Court finds the Defendants' request to stay all discovery not well-taken.

With respect to the Plaintiff's Request for Court Ordered Mediation [Doc. 41], the Court declines to order mediation. The Plaintiff does not explain why "mediation has an excellent chance of resolving the disputes between the parties," and the Defendants have objected to mediation, which casts doubt on the Plaintiff's claim that mediation has an "excellent chance" at resolving this case. Accordingly, the Court will not order mediation.

With respect to the Defendants' Motion for Extension of Time [Doc. 44], the Plaintiff failed to file a response to the Motion. See L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Nevertheless, the Court has considered

4

the merits of the Motion and finds it to be moot. The Defendants argue that Plaintiff's Motion to Amend is pending and that new claims could be added to this lawsuit. They assert that they are unable to adequately prepare a dispositive motion as to any claims which might be added once the Court decides Plaintiff's Motion to Amend.

The Chief District Judge ruled on the Plaintiff's Motion to Amend on June 13, 2016. See Doc. 47. The Chief District Judge denied the Motion in so far that it sought "to incorporate an entirely novel unlawful seizure claim against Sheriff Freytag and Deputy Hamby" but granted the motion to the extent it sought to "elaborate on the conditions of [Plaintiff's] arrest, transportation, and confinement on October 31, 2009." The Chief District Judge's Order directed the Plaintiff to file a revised complaint within twenty days of entry of the Order. Because the Plaintiff was not permitted to add new claims, the Defendant's Motion for Extension of Time is moot.

Finally, the Plaintiff filed a Motion to Compel [Doc. 45] and an Amended Motion to Compel [Doc. 48]. In his Motion to Compel, he requests that the Court compel the Defendants to answer discovery. In addition, his Motion states that he attempted to confer with defense counsel in good faith. In his Amended Motion to Compel, he requests that the Defendants cooperate in attending depositions. The Amended Motion also states that he forwarded a letter to defense counsel requesting cooperation in scheduling.

The Court finds that the Plaintiff failed to follow the procedure set forth in the Scheduling Order. Specifically, the Scheduling Order [Doc. 19] in this case requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties are to meet and confer in an attempt to resolve the dispute. If the parties cannot resolve the dispute, they shall attempt to resolve the dispute by conference with the Magistrate Judge. Finally, "[i]f and

5

Case 3:14-cv-00076-TAV-HBG   Document 54   Filed 07/13/16   Page 5 of 6   PageID #: 215

only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court . . ."

This is not the first time the Plaintiff has failed to follow this procedure. In a previous Order [Doc. 31], this Court reminded the Plaintiff of the above procedure and admonished that "his *pro se* status is not a reason to ignore the rules and that failure to follow the Court's Orders or the Federal Rules will not be excused any further." Accordingly, because the Plaintiff has already been admonished, the Plaintiff's Motion to Compel and Amended Motion to Compel will be denied for failing to follow the procedures outlined in the Scheduling Order. The Court notes, however, that given its denial of Defendants' Motion to Stay Discovery, the Defendants are expected to follow the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the reasons explained above, the Court hereby **DENIES** Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion for Partial Summary judgment [**Doc. 38**], the Request for Court Ordered Mediation [**Doc. 41**], the Plaintiff's Motion to Compel [**Doc. 45**], and the Plaintiff's Amended Motion to Compel [**Doc. 48**], and **DENIES AS MOOT** the Defendants' Motion for Extension of Time [**Doc. 44**].

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge