UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FRANCO FARIVAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:14-CV-76-TAV-HBG |
| | ) |
| DENNIS LEDBETTER, | ) |
| individually and in his official capacity, | ) |
| LARRY LAWSON, | ) |
| individually and in his official capacity, | ) |
| RICK HAMBY, | ) |
| individually and in his official capacity, | ) |
| MORGAN COUNTY SHERIFF'S | ) |
| DEPARTMENT, and | ) |
| MORGAN COUNTY, TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on defendants' Motion for Partial Summary Judgment [Doc. 36], in which defendants request that the Court grant summary judgment with respect to some of plaintiff's claims on the basis of res judicata [Docs. 36, 37].[1] Plaintiff has filed a response in opposition [Doc. 40]. Defendant has not replied and the time for doing so has passed. E.D. Tenn. L.R. 7.1.

**I.     Background**

This case arises from law enforcement's decision to arrest and detain plaintiff on suspicion of domestic violence [Doc. 50]. According to the complaint, plaintiff contacted

---

[1] The instant action constitutes plaintiff's second lawsuit against defendants. Unless otherwise specified, citations to the record reference the record in this lawsuit—*Farivar v. Ledbetter, et al.*, 3:14-cv-76 ("*Farivar II*").

the Morgan County Sheriff's Department on October 31, 2009, with concern over the safety and location of his wife [*Id.* at 3]. Police located plaintiff's wife at a neighbor's house [*Id.* at 3–4]. After she returned home, an argument ensued [*Id.* at 4]. As a result of this argument, plaintiff left the home and summoned law enforcement for a second time [*Id.*]. Deputies Larry Lawson and Rick Hamby responded and, at some point thereafter, plaintiff was detained [*Id.*]. The charges were dismissed twelve days later [*Id.*].

Plaintiff filed his first lawsuit against former Morgan County Sheriff Dennis Ledbetter, Deputy Lawson, Deputy Hamby, the Morgan County Sheriff's Department, and Morgan County, Tennessee on November 1, 2010. *Farivar v. Ledbetter*, No. 3:10-cv-462, 2012 WL 2565040 (E.D. Tenn. July 2, 2012) ("*Farivar I*"). The complaint sought compensatory and punitive damages for the violation of unspecified civil rights under 42 U.S.C. § 1983 as well as for false imprisonment, false arrest, and malicious prosecution under the Tennessee Government Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-10-101, *et seq.* [*Farivar I*, Doc. 1]. Specifically, the Complaint in *Farivar I* asserted: (1) false arrest, false imprisonment, malicious prosecution, and § 1983 claims against Morgan County; (2) false arrest, false imprisonment, malicious prosecution, and § 1983 claims Morgan County Sheriff's Department; (3) false arrest, false imprisonment, malicious prosecution, and § 1983 claims against Ledbetter in his individual and official capacities; (4) false arrest, false imprisonment, malicious prosecution, and § 1983 claims

2

against Lawson in his individual and official capacities; and (5) false arrest, false imprisonment, malicious prosecution, and § 1983 claims against Hamby in his individual and official capacities [*Id.*]. Defendants in *Farivar I* moved for summary judgment and this Court granted the request in part, dismissing all claims against Morgan County, all claims against the Morgan County Sheriff's Department, all claims against Ledbetter, and the § 1983 claims against Lawson and Hamby in their official capacities [*Farivar I*, Doc. 21]. Shortly thereafter, the parties stipulated to dismissal of the remaining state and federal claims against Lawson and Hamby [*Farivar I*, Doc. 29].

Plaintiff initiated the instant action, *Farivar II*, by re-submitting the complaint originally used to initiate *Farivar I* [Docs. 1, 50]. As such, the causes of action, parties, and issues raised in the instant action are identical to those raised in *Farivar I*.

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Analysis

Citing this Court's grant of summary judgment in *Farivar I*, defendants argue that the doctrine of res judicata bars re-litigation of the identical state and federal claims against Morgan County, the Morgan County Sheriff's Department, and Ledbetter, as well as the § 1983 claims Lawson and Hamby in their official capacities [Doc. 36]. Plaintiff responds that the parties' stipulated dismissal in *Farivar I* did not amount to adjudication on the merits and application of claim preclusion would be improper [Doc. 40].

"Under the doctrine of res judicata or claim preclusion, a final judgment on the merits precludes a party from re-litigating claims that were or which could have been asserted in an earlier action between the same parties." *Helfrich v. Metal Container Corp.*, 11 F. App'x 574, 576 (6th Cir. 2001). Res judicata is established if the following elements are present:

> "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies;' (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Browning v. Levy*, 283 F.3d 761, 771–72 (6th Cir. 2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). The Court finds that plaintiff's state and federal claims against Morgan County, the Morgan County Sheriff's Department, and Ledbetter, and § 1983 claims against Lawson and Hamby in their official capacities satisfy all four criteria.

5

Plaintiff initiated the instant action, *Farivar II*, by re-submitting the complaint originally drafted and filed by his attorney to initiate *Farivar I* [*Farivar I*, Doc. 1; *Farivar II*, Docs. 1, 50]. As a result, neither party disputes that the instant action involves identical claims, parties, and issues to those previously litigated in *Farivar I*.

To the extent plaintiff argues his voluntary dismissal of the action precludes this Court from finding that *Farivar I* involved a final adjudication on the merits, the Court disagrees. In that case, defendants moved for summary judgment on all of plaintiff's claims [*Farivar I*, Doc. 11]. This Court granted that motion in part, dismissing the: (1) false arrest, false imprisonment, malicious prosecution, and § 1983 claims against Morgan County; (2) false arrest, false imprisonment, malicious prosecution, and § 1983 claims the Morgan County Sheriff's Department; (3) false arrest, false imprisonment, malicious prosecution, and § 1983 claims against Ledbetter in his individual and official capacities; (4) § 1983 claims against Lawson and Hamby in their official capacities [*Farivar I*, Doc. 21]. It was not until after this award of summary judgment that the parties stipulated to dismissal of the remaining state and federal claims against Lawson and Hamby in their individual capacities. Defendants do not move for summary judgment on the claims plaintiff voluntarily dismissed in *Farivar I*.

Because the Court's "grant of summary judgment most certainly constitute[d] a final adjudication on the merits" with respect to the claims dismissed therein, the doctrine of res judicata forbids their re-litigation now. *Heike v. Cent. Michigan Univ. Bd. of*

*Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014); *see also Watts v. Fed. Exp. Corp.*, 53 F. App'x 333, 335 (6th Cir. 2002).[2]

### III. Conclusion

For the reasons stated herein, defendants' motion for partial summary judgment [Doc. 36] is **GRANTED**. Plaintiff's state and federal claims against Morgan County, the Morgan County Sheriff's Department, and Ledbetter, and § 1983 claims against Lawson and Hamby in their official capacities are **DISMISSED** as barred by claim preclusion.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As an alternative basis for dismissal, the Court notes that plaintiff "concedes" that his "official capacity" claims against Ledbetter, Lawson, and Hamby are "redundant" in light of Morgan County being named as a defendant and that the Sheriff's Department is not a distinct "legal entity" subject to suit [Doc. 44 p. 4]. The Court construes plaintiff's concessions as a waiver of opposition to the granting of summary judgment as to those claims [Doc. 37 pp. 5–6 (requesting the court grant summary judgment on the claims against defendants in their official capacity because they are redundant and claims against Morgan County Sheriff's Department because it is not a legal entity subject to suit)]. *See Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) ("[I]f a plaintiff fails to . . . oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citing *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976))).

7