UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FRANCO FARIVAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-76-TAV-HBG |
| | ) | |
| DENNIS LEDBETTER, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Motion for Entry of Default Judgment as to Liability for All Defendants [Doc. 65]. For grounds, the Plaintiff states that on November 11, 2015, the Court issued a Scheduling Order. The Plaintiff answered discovery that was served on him. On April 25, 2016, the Plaintiff served his request for discovery on the Defendants. The Plaintiff argues that the Defendants have refused to answer any discovery even after the Court stated, " . . . the Defendants are expected to follow the Federal Rules of Civil Procedure." Because of the Court's statement, the Plaintiff submits that he has not sought a conference with the Court to resolve this issue. He asserts that 99 days after initial service of discovery have passed. The Plaintiff states that entering a default judgment is the only effective sanction in the posture of this case.

The Court notes that Defendants have failed to respond to the instant Motion, and the time for doing so has expired. Pursuant to Local Rule 7.1, "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." However, the Plaintiff failed to comply with Section 3(j) of the Scheduling Order. As explained in previous Orders [Docs. 31, 54], this section provides that the parties are to meet and confer in an attempt to resolve the

dispute. If the parties cannot resolve the dispute, they shall attempt to resolve the dispute by conference with the Magistrate Judge. Finally, "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court . . ." In his Motion, the Plaintiff states that he did not follow the above procedure because in its previous Order [Doc. 54], the Court directed the Defendants to follow the Federal Rules of Civil Procedure. The Court finds that this is not a sufficient excuse for failing to follow the procedure outlined in the Scheduling Order, and the Court denies the Plaintiff's request for a default judgment.

Moreover, "default judgment 'is a drastic step which should be resorted to only in the most extreme cases.'" Gilmore v. Roane County, Tenn., No. 3:13-cv-124, 2014 WL 6901792, *1 (E.D. Tenn. Dec. 5, 2014) (quoting Amernational Indus., Inc. v. Action-Tunsgram, Inc., 925 F.2d 970, 976 (6th Cir. 1991)). Here, it is not clear why the Defendants failed to timely respond to discovery. However, the Defendants filed a Notice [Doc. 68] on August 22, 2016, stating that "their responses to Plaintiff's First Set of Interrogatories have been served on the Plaintiff." Accordingly, default judgment is not warranted.

As mentioned above, it is unclear as to why the Defendants' discovery was untimely. In his Motion, the Plaintiff represented his discovery requests were served on April 26, 2016, and that 99 days had passed since serving his requests. Should the Plaintiff believe additional time is necessary to complete discovery, he shall file a motion requesting such relief. Accordingly, the Plaintiff's Motion for Default Judgment [**Doc. 65**] is hereby **DENIED**.

    **IT IS SO ORDERED.**

                      ENTER:

                      *Bruce Guyton*
                      United States Magistrate Judge