UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FRANCO FARIVAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-76-TAV-HBG |
| | ) | |
| LARRY LAWSON, individually, and | ) | |
| RICK HAMBY, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on *pro se* plaintiff's Request for Certification for Interlocutory Appeal [Doc. 82], and defendants' Motion to Dismiss, or Alternatively, Continue Trial [Doc. 83]. The parties have responded to each motion [Docs. 83, 85]. For the reasons contained herein, the Court will deny plaintiff's motion. The Court will also deny defendants' motion insofar as it seeks to dismiss, but grant it insofar as it seeks to continue the trial.

**I.       Background**

Section 3(j) of the Scheduling Order in this case provides that in the event of a discovery dispute, the parties are to meet and confer to attempt to resolve the issue [Doc. 18]. Should the parties be unable to resolve the dispute, they are then required to attempt to resolve the dispute by conference with the magistrate judge [*Id.*]. The Scheduling Order provides that "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions

with the Court." [*Id.*]. These requirements have been explained in previous orders [Docs. 31, 54]. On August 4, 2016, plaintiff filed a Motion for Default Judgment [Doc. 65] as a discovery sanction, arguing that such a sanction was appropriate because he contended that defendants had refused to participate in any discovery. Plaintiff did not seek a conference with the magistrate judge to resolve the issue prior to filing his motion, arguing that such a conference was not required because the Court had previously directed defendants to follow the Federal Rules of Civil Procedure [Doc. 54]. Because plaintiff failed to comply with the Scheduling Order, and considering the drastic nature of a default judgment as a discovery sanction, Magistrate Judge Guyton issued an order denying plaintiff's motion [Doc. 76]. In his Order, Judge Guyton instructed that should plaintiff believe that additional time be necessary to conduct discovery, then plaintiff should file a motion requesting such relief [*Id.*].

## II. Objection to Magistrate Judge Guyton's Order

In plaintiff's motion, plaintiff seeks leave to take an interlocutory appeal of the order issued by Magistrate Judge Guyton [Doc. 76] denying Plaintiff's Motion for a Default Judgment [Doc. 52]. As a preliminary matter, the Court notes that as Magistrate Judge Guyton's order was issued pursuant to 28 U.S.C. § 636(b), it is more appropriate to consider plaintiff's motion as an objection to Magistrate Judge Guyton's order. As such, the Court will construe plaintiff's motion as an objection to that order.

2

The Motion for Default Judgment [Doc. 65] was before the magistrate judge pursuant to 28 U.S.C. § 636(b). That provision states: "A judge of the court may reconsider any pretrial matter under [28 U.S.C. § 636(b)(1)(A)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b). Moreover, Rule 72(a) provides that a district judge must "set aside any part of [a nondispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). As the instant matter is nondispositive, this Court will consider defendant's objection and set aside the magistrate judge's order only if it is "clearly erroneous or contrary to law." *Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 848 (E.D. Tenn. 2003). This standard mandates that the district court affirm the magistrate's decision unless, "on the entire evidence, [it] is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

In this case, plaintiff filed a motion seeking a default judgment as a discovery sanction despite failing to himself comply with the mandates of the Scheduling Order. Prior to filing a motion, plaintiff should have attempted to resolve the dispute through conference with the magistrate judge. The Court agrees with Magistrate Judge Guyton that plaintiff's excuse, that plaintiff did not need to follow the Scheduling Order's procedures because defendants had been ordered to follow the Federal Rules of Civil Procedure, is not a sufficient excuse for failure to follow the procedures.

3

The Court further notes that "default judgment 'is a drastic step which should be resorted to only in the most extreme cases.'" *Gilmore v. Roane Cty.*, No. 3:13-cv-124, 2014 WL 6901792, at *1 (E.D. Tenn. Dec. 5, 2014) (quoting *Amernational Indus., Inc. v. Action-Tunsgram, Inc.*, 925 F.2d 970, 976 (6th Cir. 1991)). This case, considering especially plaintiff's failure to follow the Scheduling Order's procedures, is not such an "extreme case." In sum, the Court is not left with the "definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress*, 774 F.2d at 140. Accordingly, the Court will affirm the magistrate judge's order.

Even in the event that Magistrate Judge Guyton's order was eligible for certification for interlocutory appeal, the Court finds that such certification would be inappropriate in this case. Section 1292(b) allows a district judge to permit that an order, which is not otherwise appealable, to be appealable if: (1) there is substantial ground for difference of opinion; (2) the order involves a controlling question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Sixth Circuit has determined that review under § 1292(b) should be used "sparingly" and be reserved for "extraordinary" cases. *Kraus v. Bd. of Cty. Road Comm'r*, 364 F.2d 919, 922 (6th Cir. 1966).

In this case, the Court finds that plaintiff has not made the required showing to permit interlocutory appeal under § 1292(b). Specifically, plaintiff has not made the required showing that there is substantial ground for differing opinions on this issue. Courts in this circuit have consistently held that the sanction sought by plaintiff, a default

4

judgment, is a "drastic step," only appropriate in the most extreme of cases. *See Thacker Indus. Serv. Co. v. AS&E Trucking, Inc.*, No. 3:14-cv-289, 2014 WL 7212879, at *3 (W.D. Ky Dec. 16, 2014); *Gilmore*, 2014 WL 6901792 at *1; *Stooksbury v. Ross*, No. 3:09-cv-498, 2012 WL 523668, at *5 (E.D. Tenn. Feb. 16, 2012). Furthermore, plaintiff has not cited any cases in support of his position that this "drastic step" is the appropriate sanction where the moving party has himself failed to comply with the procedural requirements of a scheduling order. As such, the Court finds that this is not an "extraordinary" case such that certification for interlocutory appeal would be appropriate. Accordingly, plaintiff's motion will be denied.

### III. Motion to Dismiss, or Alternatively to Continue Trial

In their response to plaintiff's motion, defendants move to dismiss the case based on plaintiff's own alleged failure to comply with his discovery obligations and the Federal Rules of Civil Procedure. Alternatively, defendants move to continue trial, which is currently set for October 24, 2016. While defendants cite a number of instances where plaintiff has allegedly failed to comply with his discovery obligations and the federal rules, the Court notes that plaintiff contends that defendants have similarly failed to comply with their discovery obligations. Considering the continued alleged discovery violations by both sides to this controversy, the Court finds that a dismissal is unwarranted. Therefore, the Court will deny defendants' motion to dismiss.

The Court now turns to defendants' motion insofar as it moves to continue trial. Defendants aver that due to plaintiff's alleged violations, it is difficult for them to prepare for trial [Doc. 83]. Additionally, the Court notes that the basis for plaintiff's motion is that he has been "unable to conduct any meaningful discovery," and that his "requests for assistance and sanctions" have been denied [Doc. 82]. Considering defendants' arguments, as well as plaintiff's own statements regarding his dissatisfaction with discovery, and on the record as a whole, the Court finds good cause to continue the trial in this matter.

Additionally, both parties have expressed concern regarding the extremely limited discovery that has taken place in this case [Docs. 74, 82, 83], and the Court notes that there has been essentially no discovery. In light of the concern from both parties regarding discovery, the Court also finds good cause to reinstate certain deadlines set forth in the Scheduling Order [Doc. 18]. Specifically, the Court finds it appropriate to reinstate the discovery and dispositive motion deadlines.

## IV. Conclusion

For the reasons discussed herein, plaintiff's Request for Certification for Interlocutory Appeal [Doc. 82] is **DENIED** and Defendants' Motion to Dismiss, or Alternatively, Continue Trial [Doc. 83] is **GRANTED in part and DENIED in part**. The Court will not dismiss plaintiffs' claims, but does find good cause to continue the trial.

Accordingly, it is **ORDERED** that the trial, previously scheduled for October 24, 2016, is **CANCELLED** and is **RESCHEDULED** for **Monday, March 6, 2017, at 9:00 a.m.**, and the final pretrial conference, previously scheduled for October 18, 2016, is **CANCELLED** and is **RESCHEDULED** for **Monday, February 27, 2017, at 1:30 p.m.**

Additionally, provisions 3(h) and 6(b) of the Scheduling Order [Doc. 18] are hereby **AMENDED** as follows:

3(h)  **All Discovery:**  All discovery, including the taking of depositions "for evidence," shall be completed by **January 6, 2017**.

6(b)  **Dispositive Motions:**  All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **December 6, 2016**.

All other scheduling deadlines shall be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 18].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE