UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FRANCO FARIVAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:14-CV-76-TAV-HBG |
| | ) |
| LARRY LAWSON, individually, and | ) |
| RICK HAMBY, individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil matter is before the Court on *pro se* plaintiff's motion for reconsideration [Doc. 88], to which defendants responded [Doc. 90], as well as plaintiff's motion to correct the record [Doc. 89], and motion for a hearing [Doc. 95]. Also before the Court is defendants motion for summary judgment [Doc. 91], to which plaintiff responded [Doc. 94]. For the reasons discussed herein the Court will deny plaintiff's motion for reconsideration, grant plaintiff's motion to correct the record, and grant defendants' motion for summary judgment.

I.  **Background**

This case arises from law enforcement's decision to arrest and detail plaintiff on suspicion of domestic violence [Doc. 50].

A.  **Plaintiff's Arrest and First Lawsuit**

According to the complaint, plaintiff contacted the Morgan County Sheriff's Department on October 31, 2009, with concern over the safety and location of his wife

[*Id.* at 3]. Deputies Larry Lawson and Rick Hamby ("defendants") responded [*Id.*]. While they were in route, they submit that plaintiff's wife placed a 911 call in which she accused plaintiff of "push[ing] her down and grab[bing] her wrist" [Doc. 93-1]. Defendants further submit that plaintiff's wife subsequently gave a signed statement, in which she alleged "abuse—physical, verbal, mental" [Doc. 93-2]. Defendant Lawson further states that he observed "bruises to [plaintiff's wife's] left arm as defensive injuries" [Doc. 93-3]. Plaintiff was arrested, but the criminal charges against him were dismissed twelve days later [*Id.*].

Plaintiff filed suit against defendants, among others, in both their individual and official capacities, on November 1, 2010. *Farivar v. Ledbetter*, No. 3:10-cv-462, 2012 WL 2565040 (E.D. Tenn. July, 2, 2012) ("*Farivar I*"). The complaint sought compensatory and punitive damages for the violation of civil rights under 42 U.S.C. § 1983, as well as false imprisonment, false arrest, and malicious prosecution under the Tennessee Government Tort Liability Act ("TGTLA"), Tenn. Code. Ann. § 29-10-101, *et seq*. [*Farivar I*, Doc. 1]. Following the Court's dismissal on summary judgment of plaintiff's claims against defendants in their official capacities, the parties stipulated to a dismissal without prejudice of the claims against defendants in their individual capacities on February 28, 2013 [*Farivar I*, Doc. 50].

### B. Plaintiff's Second Lawsuit

Plaintiff initiated the instant action, (*Farivar II*), on February 28, 2014, with summons issued on March 3, 2014. Plaintiff alleges the same claims in *Farivar II* that he

2

voluntarily dismissed in *Farivar I*. Nearly sixteen months later, plaintiff had not served defendants, and on July 2, 2015, the Court ordered plaintiff to show cause as to why this case should not be dismissed for failure to prosecute [Doc. 2]. Plaintiff subsequently sought an extension of time to serve defendants [Doc. 3], and Magistrate Judge H. Bruce Guyton granted the motion [Doc. 5]. Plaintiff then subsequently served defendants on October 9, 2015 [Docs. 6, 7].

On November 17, 2015, the Court issued a Scheduling Order in this case, which provides in section 3(j) that in the event of a discovery dispute, the parties should meet and confer to attempt to resolve the issue [Doc. 18]. Should the parties be unable to resolve the dispute, the Scheduling Order then requires them to attempt to resolve the dispute by conference with the magistrate judge [*Id.*]. The Scheduling Order further provides that "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court" [*Id.*]. These requirements have been explained to the parties in previous orders [Docs. 31, 54].

On August 4, 2016, plaintiff filed a Motion for Default Judgment [Doc. 65] as a discovery sanction, arguing that such a sanction was appropriate because he contended that defendants had refused to participate in any discovery. Plaintiff did not seek a conference with the magistrate judge to resolve this issue prior to filing his motion, arguing that such a conference was not required because the Court had previously directed defendants to follow the Federal Rules of Civil Procedure [Doc. 54]. Because

3

plaintiff failed to comply with the Scheduling Order, and considering the drastic nature of a default judgment as a discovery sanction, Magistrate Judge Guyton denied plaintiff's motion [Doc. 76].

Plaintiff then filed a motion with the Court, seeking leave to take an interlocutory appeal of the order issued by Judge Guyton [Doc. 82]. Because Judge Guyton's order was issued pursuant to 28 U.S.C. § 636(b), the Court found it appropriate to construe plaintiff's motion as an objection to Judge Guyton's order. Noting that plaintiff had failed to comply with the mandates of the Scheduling Order, and noting further the default judgment is a "drastic step only appropriate in the most extreme of cases," the Court denied plaintiff's appeal of Judge Guyton's order [Doc. 86]. Furthermore, the Court found that even in the event that it was to consider plaintiff's motion as a request for certification for interlocutory appeal, the Court would deny that request [*Id.*].

Plaintiff subsequently filed the instant Motion for Reconsideration, urging the Court to reconsider either granting him a default judgment, or allowing him leave to take an interlocutory appeal [Doc. 88]. Defendants then moved for summary judgment, arguing that plaintiff's claims were barred by statute of limitations, and also that defendants are entitled to qualified immunity [Doc. 91].

## II. Plaintiff's Motion for Reconsideration

In his motion for reconsideration, plaintiff states that he is moving pursuant to Federal Rule of Civil Procedure 54(b). Pursuant to Rule 54(b) and the "inherent power" that district courts possess, a court may reconsider interlocutory orders or reopen portions

4

of a case before a final judgment is entered. *See Johnson v. Dollar Gen. Corp.*, No. 2:06-CV-173, 2007 WL 2746952, at *2 (E.D. Tenn. Sept. 20, 2007) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). This standard "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 960 n.7. The Sixth Circuit has stated that a district court's authority allows them to "afford such relief from [interlocutory orders] as justice requires." *Id.* at 959 (citations omitted). This traditionally includes when the court finds there has been an intervening change of controlling law, there is new evidence available, or there is a need to correct a clear error or prevent manifest injustice. *Id.*

In support of his motion for reconsideration, plaintiff cites no intervening change in law or newly discovered evidence, but rather largely reiterates the arguments that he made in his previous motion. Plaintiff urges that the Court either grant him a default judgment, or, should the Court deny his request, allow him to take an interlocutory appeal of the Court's denial. The Court will first address plaintiff's motion insofar as it requests a default judgment, and then address the issue of interlocutory appeal.

### A. Request for a Default Judgment

In requesting that the Court reconsider the denial of plaintiff's request for a default judgment, plaintiff reiterates his prior argument that because defendants did not adhere to their discovery obligations prior to the expiration of the discovery deadline, "there was no relief that [he] could possibly obtain by following the procedures" set forth in the Scheduling Order [Doc. 88 p. 2]. Plaintiff argues that the only meaningful redress

5

available to him under the circumstances was the granting of a default judgment [*Id.*]. Additionally, plaintiff cites to defendants lack of response to his motion for default judgment as grounds for the Court to grant his motion, under Eastern District of Tennessee Local Rule 7.2.

These arguments are not well taken. As a preliminary point, in its October 11, 2016, Order, the Court reopened discovery in this case, allowing for discovery to continue until January 6, 2017 [Doc. 86]. Therefore, plaintiff has another opportunity to work with the magistrate judge to resolve any previous discovery issues. Furthermore, the Court notes that default judgment is a "drastic step which should be resorted to only in the most extreme cases." *Gilmore v. Roane Cty.*, No. 3:13-cv-124, 2014 WL 6901792, at *1 (E.D. Tenn. Dec. 5, 2014). This case, considering especially plaintiff's failure to follow the Scheduling Order's procedures, is not such an extreme case.

Additionally, while Local Rule 7.2 states that a Court "may" deem a failure to respond to a motion a waiver of any opposition to the relief sought, it does not require that the Court construe a lack of response in such a way, and certainly does not mandate that the Court grant the relief sought by the motion. *See* E.D. Tenn. L.R. 7.1. In this situation, where plaintiff moves the Court to take the drastic step of imposing a default judgment, and where plaintiff has himself failed to follow the Court's Scheduling Order, the Court will not read the local rules as requiring that the Court grant plaintiff the relief he seeks. In sum, the Court maintains its belief that granting plaintiff a default judgment

6

in this case is unwarranted, and will deny the motion for reconsideration insofar as it seeks a default judgment.

B.     **Request for Leave to Take an Interlocutory Appeal**

As the Court will not grant plaintiff a default judgment, the Court now turns to plaintiff's request to certify the issue for interlocutory appeal. The Court notes at the outset that although the Court construed plaintiff's initial request for leave to take an interlocutory appeal [Doc. 82] as an appeal of Judge Guyton's order, the Court also addressed the issue of interlocutory appeal in its prior order [Doc. 86]. In that order, the Court indicated that it did not believe that this is a case in which certification for interlocutory appeal is appropriate.

Section 1292(b) allows a district judge to permit that an order, which is not otherwise appealable, to be appealable if: (1) there is substantial ground for difference of opinion; (2) the order involves a controlling question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Sixth Circuit has determined that review under § 1292(b) should be used "sparingly" and be reserved for "extraordinary" cases. *Kraus v. Bd. of Cty. Road Comm'r*, 364 F.2d 919, 922 (6th Cir. 1966).

As was the case with his initial motion, plaintiff has not made the required showing to permit interlocutory appeal under § 1292(b). Specifically, plaintiff has not made the required showing that there is a substantial ground for differing opinions on the issue of default judgment. As the Court noted in its earlier opinion, district courts

7

throughout this circuit have consistently held that a default judgement is a "drastic step," only appropriate in the most extreme of cases. *See Thacker Indus. Serv. Co. v. AS&E Trucking, Inc.*, No. 3:14-cv-289, 2014 WL 7212879, at *3 (W.D. Ky Dec. 16, 2014); *Gilmore*, 2014 WL 6901792 at *1; *Stooksbury v. Ross*, No. 3:09-cv-498, 2012 WL 523668, at *5 (E.D. Tenn. Feb. 16, 2012). Additionally, plaintiff has still not provided the Court with any cases in support of his argument that this "drastic step" is the appropriate sanction where the moving party has himself failed to comply with the procedural requirements of a scheduling order. As such, the Court maintains its belief that this is not an "extraordinary" case such that certification for interlocutory appeal would be appropriate. In sum, the Court will deny plaintiff's motion for reconsideration.

The Court notes that plaintiff also filed a motion to have the Court correct an error in the Court's September 12, 2016, Memorandum Opinion and Order [Doc. 73], in which the Court overruled an objection that plaintiff made to an order entered by Judge Guyton. In its order, the Court incorrectly stated in one instance that that objection had been made by defendants rather than by plaintiff. As such, the Court will amend its September 12, 2016, Order to reflect that plaintiff made the objection which the Court overruled.

### III. Defendants Motion for Summary Judgment

The Court now turns to defendants' motion for summary judgment. Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden

8

of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder

of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

In support of their motion for summary judgment, defendants argue both that plaintiff's claims are barred by statute of limitations, and that defendants are entitled to qualified immunity. Because the Court finds that plaintiff's claims are barred by statute of limitations, it need not determine whether defendants are entitled to qualified immunity.

In this case, plaintiff brings federal civil rights claims pursuant to 42 U.S.C. § 1983, as well as state law claims under the TGTLA. Pursuant to Tenn. Code. Ann. § 28-3-104, plaintiff's state law claims are subject to a one-year statute of limitations. Tenn. Code. Ann. § 28-3-104. Furthermore, because § 1983 does not have its own statute of limitations, courts must "look to state law to determine the appropriate limitations period." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).; *see also Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (noting that this practice applies to both federal § 1983 and *Bivens* actions). Tennessee law provides for a one-year statute of limitations for civil rights actions, and thus plaintiff's federal § 1983 claims are also subject to a one-year statute of limitations. *See* Tenn. Code. Ann. § 28-3-104, *Robertson*, 399 F.3d at 794.

This is plaintiff's second lawsuit against defendant arising from an incident that took place on October, 31, 2009. Plaintiff voluntarily dismissed defendants from *Farivar I* on February 28, 2013 [*Farivar I*, Doc. 50]. Plaintiff filed his complaint in *Farivar II* on

Case 3:14-cv-00076-TAV-HBG   Document 96   Filed 01/13/17   Page 10 of 16   PageID #: 431

February 28, 2014, well outside of the one-year statute of limitations for events that took place on October 31, 2009.

The Court notes, however, that "Tennessee law governs not only the length of the limitations period, but also closely related questions of tolling and application." *Markowitz v. Harper*, 197 F. App'x 387, 389 (6th Cir. 2006). One such "related question of tolling and application" is the Tennessee "savings statute." *See Dolan v. United States*, 514 F.3d 587, 595 (6th Cir. 2008) (applying the Tennessee savings statute in a *Bivens* action); *Chase v. White*, 3:16-cv-01576, 2016 WL 7210155, at *6 (W.D. Tenn. Dec. 13, 2016) ("The Sixth Circuit has expressly recognized that state savings statutes are among the tolling provisions interrelated with the statute of limitations"). The Tennessee savings statute provides:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgement or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code. Ann. § 28-1-105(a).

Applying this provision, as *Farivar I* resulted in a voluntary dismissal, a dismissal not terminating plaintiff's right of action, the claims in *Farivar II* would not be barred by statute of limitations as long as plaintiff commenced *Farivar II* within one year of the dismissal of *Farivar I*. *See id; see also Dolan*, 514 F.3d at 595. Under Tennessee Rule of Civil Procedure 3, however, "timely service of process is essential to the

commencement of an action such that the statute of limitations is satisfied." *Dolan*, 514 F.3d at 595; *see also Markowitz*, 197 F. App'x at 389 (stating in a case involving § 1983 claims "among the Tennessee provisions bearing on the statute-of-limitations question is Rule 3 of the Tennessee Rules of Civil Procedure"). Tennessee Rule of Civil Procedure 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days *or it is not served within 90 days of issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations* unless the plaintiff continues the action by obtaining issuance of new process *within one year from issuance of the previous process*, or, if no process is issued, within one year of the filing of the complaint.

*Dolan*, 514 F.3d at 595 (citing Tenn. R. Civ. P. 3).

Accordingly, in order for plaintiff to rely on his original commencement date for purposes of the savings statute, he was required to serve process on defendants within 90 days of its issuance, or, in the event that he was unable to serve process, to obtain new process within one year from issuance of the prior process. *Id.*

In this case, plaintiff filed suit in *Farivar II* on February 28, 2014, within one year of *Farivar I*'s dismissal. Process for *Farivar II* issued on March 3, 2014. Plaintiff, however, did not serve process on defendants within 90 days of that date, nor did he obtain issuance of new process within one year of that date. Rather, more than fifteen months passed before plaintiff requested an extension of time to serve process on July 16, 2016 [Doc. 3], only doing so following the Court's order to show cause [Doc. 2].

12

Therefore, because plaintiff did not either serve process on defendants within 90 days of the issuance of process, or obtain issuance of new process within one year from issuance of the prior process, plaintiff cannot rely upon the original commencement date of February 28, 2014 to toll the statute of limitations. *See Dolan*, 514 F.3d at 596. As such, plaintiff did not commence *Farivar II* within the meaning of Tennessee Rule of Civil Procedure 3 for purposes of the savings statute within one year of the voluntary dismissal in *Farivar I*. Consequentially, all of plaintiff's claims are barred by the statute of limitations.

Plaintiff raises two arguments as to why the statute of limitations should not operate to bar his claims. The Court has considered plaintiff's arguments, and finds that they are without merit.[1]

---

[1] Although plaintiff did not raise this argument in his response to defendants' motion for summary judgment, in a prior filing the plaintiff asserted that the statute of limitations defense should be deemed waived because it had not previously been raised by these defendants [Doc. 87]. The Court notes, however, that defendants raised the affirmative defense in their original answer [Doc. 14], as well as their answer to the amended complaint [Doc. 56]. While the defense was pled generally in the answer, the current law in the Sixth Circuit allows that "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the offense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). *See also Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009) (finding defendant sufficiently pled an affirmative defense that states "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose").

The Court does note, however, that some district courts have held that the Supreme Court's standards for a well-pleaded complaint should apply to the pleading of affirmative defenses. *See e.g., United States v. Quadrini*, No. 2:07-cv-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) ("Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success."). Because the Sixth Circuit has not held that the heightened pleading standard applies to affirmative defenses, the Court will follow the current Sixth Circuit precedent. *See Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016) (noting that the Sixth Circuit has not addressed the "precise issue of whether the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses").

13

First, the plaintiff states that the statute of limitations should not bar his claims because Magistrate Judge Guyton granted his motion for extension of time to perform service [Doc. 5]. The Court notes, however, that plaintiff's motion was not filed until July 16, 2015, over fifteen months from the time that process issued in this case, well outside the time limit required by Tennessee Rule of Civil Procedure 3. *See* Tenn. R. Civ. P. 3. Additionally, as this Court noted in a previous case, "when state law requires service of process to satisfy the statute of limitations and those state law requirements have not been met, extending the [time allowed for service of process pursuant to Rule 4m] won't help." *Sydney v. Columbia Sussex Corp.*, No. 3:13-cv-312, 2014 WL 7156953, at *5 (E.D. Tenn. Dec. 15, 2014) (internal quotations omitted). "It's not the failure to serve within the 120 days . . . that has undone the plaintiff here. It is state law, which must be satisfied in addition to the Rule 4(m) requirement." *Id.*; *see also Dolan*, 514 F.3d at 595 (applying Tennessee Civil Procedure Rule 3 to a federal *Bivens* claim). Thus, while plaintiff's service of process may have been timely for purposes of Rule 4 due to Judge Guyton's grant of an extension, it did not satisfy the requirements of Tennessee state law for purposes of the statute of limitations. Plaintiff may not seek to rely on Tennessee's state law savings statute to preserve his claim, while seeking to ignore the state law requirements of Tennessee Rule of Civil Procedure 3 that work in conjunction with the savings statute. Consequently, although Judge Guyton granted plaintiff an extension of time to perform service, that does not render plaintiff's claims timely for purposes of the statute of limitations.

14

Secondly, plaintiff argues that his failure to serve defendants within the time period mandated by Tennessee law should be excused because defendants attempted to "evade service" [Doc. 94]. Plaintiff ignores, however, the plain language of Tennessee Rule of Civil Procedure 3, which applies when process is not served "regardless of the reason." Tenn. R. Civ. P. 3; *see also Slone v. Mitchell*, 205 S.W.3d 469, 473 (Tenn. Ct. App. 2005) ("[T]he phrase regardless of the reason is clear in its meaning. The language leaves no doubt that the reason for process not being issued is not a consideration."); *Chandler v. WFM-MO, Inc.*, No. 13-2450, 2014 WL 1654033, at *3 (W.D. Tenn. Apr. 24, 2014) (citing *Jones v. Cox*, 316 S.W.3d 616, 622 (Tenn. Ct. App. 2008)) ("Withholding service for one year, even for a very reasonable purpose, renders a complaint ineffective for tolling the statute of limitations."). Therefore, defendants alleged attempts to evade service do not excuse plaintiff's failure to comply with Tennessee Rule of Civil Procedure 3 for purposes of the statute of limitations.

In sum, the Court does not find that plaintiff's arguments have merit, and thus, finds that plaintiff's claims are barred by the statute of limitations. Thus, the Court will grant defendants' motion for summary judgment.

## IV. Motion for a Hearing

The Court next turns to plaintiff's motion for a hearing [Doc. 95]. Although plaintiff addressed the motion to Magistrate Judge Guyton, as the Court is ruling on defendants' motion for summary judgment it will also address this motion. In plaintiff's motion for a hearing, he requests Judge Guyton's assistance in resolving a number of

discovery disputes, including scheduling a deposition of defendants' counsel, Rhonda Bradshaw, whom plaintiff asserts is a witness in this litigation. Because the Court will be dismissing plaintiff's claims as barred by statute of limitations, there is no need for further discovery in this case. As such, the Court will deny plaintiff's motion [Doc. 95] as moot.

## V. Conclusion

For the reasons discussed herein, plaintiff's motion for reconsideration [Doc. 88] will be **DENIED**, plaintiff's motion to correct the record [Doc. 89] will be **GRANTED**, and defendants' motion for summary judgment [Doc. 91] will be **GRANTED**. Plaintiff's motion for a hearing [Doc. 95] will be **DENIED as moot**. The Clerk of Court will be **DIRECTED** to **CLOSE** this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE